REGINA FLOUR MILLS CO. *v.* LEHMAN.

[78 South, 515, Division B.]

ATTACHMENTS IN CHANCERY. *Grounds. Nonresident debtors.*

Under Code 1906, section 536 (Hemingway's Code, section 293), providing that the chancery court shall have jurisdiction by attachment suit, based on demands or any indebtedness, whether legal or equitable or for damages for breach of contract, or arising *ex delicto* against any nonresident, or against any debtor and person in this state, who have in their hands effects of, or are indebted to such nonresident, absent, or absconding debtor, where a complainant has an equitable interest in the funds attached he was entitled to sue under the provisions of such statute, since this statute goes further than the general statute on attachments at law and covers not only legal claims but equitable claims and torts.

APPEAL from the chancery court of Adams county.
HON. R. W. CUTRER, Chancellor.

Suit by Jones B. Lehman against the Regina Flour Mills Company. From a decree for complainant, defendant appeals.

The facts are fully stated in the opinion of the court.

*Engle & Lamb,* for appellant.

We respectfully submit to the court that the demurrer should have been sustained both on the ground that the bill disclosed no indebtedness legal or equitable owing by the appellant to appellee and on the ground that the statute does not authorize the attaching of appellant who is a nonresident because of an indebtedness owed to appellee by another nonresident, the appellant not being "a person in this state" having in its hands effects of or being indebted to the nonresident defendant, Roth-Robins Company. Let us assume that

the appellant is really indebted to the Roth-Robins Company. It is conceded that the appellant is a nonresident of the state of Mississippi and that the Roth-Robins Company is a nonresident of the state of Mississippi indebted to appellee, but the appellant has funds in this state in the hands of City Bank & Trust Company, a resident corporation.

What right has appellee to seize money belonging to appellant in the hands of said City Bank & Trust Company simply because appellant is indebted to a nonresident who is indebted to appellee? The proceeding is strictly statutory and there is no authority in the statute, read it as you may, which would justify any such construction or which would justify any such extraordinary proceeding.

The bill in this case is entirely outside the statute. Section 536 of Code of 1906, section 293 of Hemingway's annotated Mississippi Code of 1917, authorizes an attachment against "any who may be indebted to the attaching creditor. Certainly the appellant not having any privity of contract with the attaching creditor and not being indebted to him does not come under that portion of the statute. This statute further authorizes an attachment "against any such debtor (nonresident) and persons in this state who have in their hands effects of or are indebted to such nonresident debtor" for any indebtedness owing by such nonresident debtor to attaching creditor whether legal or equitable or arising *ex delicto* in favor of the attaching creditor.

Certainly appellant on the facts of this case is not a nonresident indebted to attaching creditor and assuredly appellant is not "a person in this state" who has in its hands effects of the nonresident debtor.

Appellant is a nonresident not indebted to appellee; is a nonresident who has had no dealings with appellee, is a nonresident who has no knowledge whatsoever of any dealings had by appellee with any one else, but is a nonresident who has money in this state in the hands

of a resident bank and a nonresident that, we will assume, is indebted to the nonresident debtor appellee has had dealings with. Simply to state the facts is to throw the appellee out of court. A most ridiculous and absurd state of affairs and condition of affairs would follow; shows even the legislature passed a statute having the scope appellee seeks to give to section 536, Code of 1906.

But as we have shown and as the bill itself discloses, appellant had nothing to do with the sale made by appellee to R. Viener & Company and with the purchases made by appellee from Roth-Robins Company, and the bill does not aver that appellant even knew of these transactions. Furthermore the bill does not aver that appellant is even indebted to Roth-Robins Company. It simply avers that Roth-Robins Company ordered a car of flour shipped by appellant to R. Viener & Company and so far as the bill shows on its face this is all that appellant had to do with the transaction.

Appellee assumes that because Roth-Robins Company ordered these cars shipped to R. Viener & Company that therefore appellant would owe Roth-Robins Company some money. We think the converse more reasonable.

The demurrer admits all allegations in the bill correctly pleaded, but does not admit conclusions of law nor does it admit far fetched assumptions or illogical or other deductions. If we are to deal with assumptions we may therefore more reasonably suppose and assume that as the bill shows Roth-Robins Company had ordered two cars of flour from appellant and that the bill shows appellant collected for only one car that therefore Roth-Robins Company, owed to appellant more than the profit involved in the car of flour which appellant shipped with sight draft attached to bill of lading as averred in bill of complaint. This, however, like the bill filed in this case, is merely far fetched speculation.

We respectfully submit that on the allegations of the bill it clearly appears that appellee has no claim legal or equitable or arising *ex delicto* against appellant and the appellee has no right under section 536, Code of 1906, to attach the funds of this nonresident appellant in the hands of a resident bank, simply because some other nonresident defendant to whom appellant may or may not be indebted, owes to appellee some money.

*A. H. Geisenberger,* for appellee.

As shown by the bill of complaint herein the defendants, Regina Flour Mills Company and the Roth-Robins Company, through the course of the transaction had between them and the complainant, are indebted to the complainant in the amount sued for.

Both the Regina Flour Mills Company and the Roth-Robins Company are nonresidents of the state of Mississippi, but they had, in the hands of the City Bank & Trust Company, of the city of Natchez money derived from the flour which is the basis of the controversy in this case; and the money in the hands of the City Bank & Trust belongs to two nonresident defendants.

The purpose of the suit was to hold the money in the hands of the bank, in Natchez, so that the amount due the complainant, by the Regina Flour Mills Company and the Roth-Robins Company could be ascertained and paid to the complainant.

The money in the hands of the bank, as shown by the bill of complaint was the proceeds of flour bought and sold by the agent of complainant, and belonged to the nonresident defendants; and we commenced the suit by attachment in chancery so as to hold the funds in the hands of the resident bank, and so that the co-defendants of the bank, could be made to show what was the interest of each in the money, and the amount due the complainant be ascertained and paid out of the fund.

The complainant holds and the chancellor agreed with the position of the complainant that the amount due the complainant as shown by the bill of complaint was due by the two co-defendants of the bank jointly, and that therefore, the court here had jurisdiction of the cause and the defendant, the Regina Flour Mills Company should be made to answer the bill of complaint.

To hold otherwise, under the facts set forth in the bill of complaint, and to hold that the Regina Flour Mills Company under such facts could not be made to reply to the allegations of the bill and to show the extent of the interest it had in the money, and the extent of the interest the Roth-Robins Company had in the money, would be to open wide the doors to collusive fraud, to deprive defendant of the just claims of residents of the state of Mississippi.

If the consignor with bill of lading attached to draft would fraudulently collude with a remitting bank, and fraudulently have the bank claim that all the money belonged to it, and that there was no privity between the bank and the consignee, and the courts of this state refuse to take jurisdiction of the nonresident bank because there was no privity, it would enable fraud to be perpetrated and the rights of creditors endangered.

The whole course of the dealings between parties as set forth in the bill of complaint shows that the Roth-Robins Company, as well as the Regina Flour Mills Company had an interest in the proceeds of the sale of the flour, and in the money arising from the draft; and it is properly the province of the court that the parties should all be brought before the court, and the truth ascertained, and the amount due the parties respectively be proven, and the rights of all concerned be adjusted.

If the court should be of the opinion that the Regina Flour Mills Company is not a codebtor with the Roth-Robins Company to the complainant, then it stands in the position of garnishee and should be compelled to

disclose the amount of interest of the said Roth-Robins Company in said money, and the amount of interest of the Regina Flour Mills Company therein; and under the prayer of the bill, the court could decree that the rights of all parties be ascertained, and protected.

If, upon the answer of the Regina Flour Mills Company it should be shown that the Roth-Robins company did have an interest in the money, though the draft was drawn in the name of the Regina Flour Mills Company, then the amount due the complainant could be decreed to be paid out of the amount of money due the said Roth-Robins Company but surely, the court should have jurisdiction, in a case such as the one at bar, and to have answers filed so that the facts can be correctly ascertained.

This was the extent of the ruling of the chancellor in overruling the demurrer, and the position of the chancellor was in our judgment right and proper, and where the money is held in the state of Mississippi and all parties in interest properly before the court, the court should require that all the facts be made known, and their rights determined.

We believe that the demurrer was rightfully overruled, and that the defendant, the Regina Flour Mills Company should be made to answer and show the interest of itself and its co-defendant, the Roth-Robins Company in the money.

This ruling would then give effect to the 96th hour, law, and also to sections 536 and 537 of the Code of Mississippi, 1906, with respect to attachment in chancery.

We therefore submit that the decision of the chancellor should be affirmed.

Etheridge, J., delivered the opinion of the court.

The appellee filed a bill in the chancery court of Adams county against Roth-Robins Company, a corpo-

ration domiciled at Paragould, Arkansas, the Regina
Flour Mills Company, a corporation of St. Louis, Mis-
souri, and the City Bank & Trust Company of Natchez,
Mississippi, alleging that in May, 1917, appellee, through
his agent, bought of Roth-Robins Company one car of
Regina Mills flour at twelve dollars and twenty-five
cents per barrel, delivered at Pine Bluff, Arkansas; that
the complainant sold the said car to R. Viener & Co., of
Natchez, at thirteen dollars and ten cents per barrel,
f. o. b. Natchez; and also that he bought another car
from Roth-Robins Company, to be delivered at Natchez
at a given price; and that the Roth-Robins Company
had the flour shipped under this order by the Regina
Flour Mills Company to R. Viener & Company, with bill
of lading attached in favor of the Regina Flour Mills
Company; that Viener & Company paid the draft to the
City Bank & Trust Company of Natchez, and the money
was in the bank at the time of the filing of the bill and
the serving of the garnishment under the ninety-six-
hour law of the state of Mississippi and it was alleged
"that there is now due complainant, as above shown,
the sum of two hundred thirty-one dollars which the
said Roth-Robins Company and the said Regina Flour
Mills Company owe to the complainant and which they
refuse to pay to the complainant;" that R. T. Lively,
the agent of complainant, had assigned all his rights to
the complainant prior to bringing the suit. The suit
was instituted under sections 536 and 537, Code of 1906,
sections 293 and 294, respectively, Hemingway's Code.
The process required by the statute was served upon the
Bank & Trust Company, and publication was made to
the Regina Flour Mills Company and Roth-Robins
Company, both being nonresidents. The account attach-
ed to the declaration is made out: "Roth-Robins Com-
pany and Regina Flour Mills Company, to Jonas B.
Lehmann, debtor." The City Bank & Trust Company
answered, admitting having the amount of money in its
custody, but showed in its answer that it received the

draft and bill of lading from the Regina Flour Mills Company. The Regina Flour Mills Company demurred to the bill, among other grounds, as follows:

"First. It appears on the face of the bill that there is no privity of contract between the complainant and this defendant.

"Second. That it appears on the face of the bill that this defendant does not owe the complainant anything.

"Third. That it appears on the face of the bill that this defendant is a nonresident of the state of Mississippi, and that the defendant is sought to be held liable not for an indebtedness which it owes to complainant, but an indebtedness which it is alleged to owe a nonresident co-defendant, and that the section of the Code only authorizes attachment by way of garnishment against persons in this state who have in their hands effects of or are indebted to such nonresident, absent, or absconding debtor; that the bill shows on its face that the complainant claims that Roth-Robins Company owes him certain money, Roth-Robins Company being a nonresident, and seeks to attach the Regina Flour Mills Company for a debt which it owes to another nonresident, Roth-Robins Company."

The chancellor overruled the demurrer and granted an appeal.

We think the chancellor was correct in overruling the demurrer on the above allegations of the bill. The statute, section 536, Code of 1906, section 293, Hemingway's Code, reads as follows:

"Attachment Against Nonresidents.—The chancery court shall have jurisdiction of attachment suits based upon demands founded upon any indebtedness, whether the same be legal or equitable, or for the recovery of damages for the breach of any contract, express or implied, or arising ex delicto against any nonresident, absent or absconding debtor, who has lands and tenements within this state, or against any such debtor and persons in this state who have in their hands effects of

or are indebted to, such nonresident, absent or absconding debtor,'' etc.

Under the allegations of the bill, the Regina Flour Mills Company shipped the flour with bill of lading attached covering the interest of the complainant, the Roth-Robins Company, and the Regina Mills Company. The complainant had an equitable interest in these funds for his profits on the sale, and under the allegations of the bill the Regina Flour Mills Company was an agent 'and trustee in making the shipment of flour for the Roth-Robins Company and the complainant. There is no doubt but what, if all the parties were residents, the complainant would be entitled to recover his interests from these funds. The statute of attachment in chancery goes further than the general statute on attachment at law and covers, not only legal claims, but equitable claims and torts. The case is affirmed and remanded.

*Affirmed and remanded.*